UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                          :
MASON AGENCY LTD.,                        :
                      Plaintiff,          :    09 Civ. 6474 (DLC)
                                          :
            -v-                           :
                                          :    OPINION & ORDER
EASTWIND HELLAS SA,                       :
                      Defendant.          :
                                          :
-----------------------------------------X

Appearances:

For Plaintiff:
George Michael Chalos
Chalos & Co., P.C.
123 South Street
Oyster Bay, NY 11771

For Defendants:
Michael G. Chalos
Brian T. McCarthy
Chalos, O'Connor & Duffy LLP
366 Main Street
Port Washington, NY 11050


DENISE COTE, District Judge:

On August 3, 2009, an Order to Issue Process of Maritime Attachment and Garnishment ("Order") in the amount of $116,369.84 was issued against defendant Eastwind Hellas S.A. ("Hellas") pursuant to a Verified Complaint ("Complaint") filed by Mason Agency Ltd. ("Mason") through its counsel, George Michael Chalos, Chalos & Co., P.C., on July 21, 2009. In its Complaint, Mason represented that it had contracted with Hellas to provide certain services in conjunction with the call of the

M/V Ystwyth ("Vessel") at the Port of Vancouver in May 2009. In the Complaint, Mason alleges that the defendant failed to pay for services Mason rendered pursuant to a contract agreed and signed between the two parties. Aside from Mason's assertions that it had contracted with Hellas and that Hellas had failed to pay agency fees and disbursements incurred by Mason on the contract, the only evidence supplied by Mason to support its claim was a two-page estimate of the cost of services to be rendered to the Vessel at $93,117. No copy of the contract was attached to the Complaint.

On August 27, defendant Hellas moved to vacate the maritime attachment on the basis that Mason had not proven that it had a valid <u>prima facie</u> admiralty claim against Hellas. At an August 31 conference with the parties, at the specific request of the Court, plaintiff's counsel showed the Court a copy of the contract upon which Mason relied. This contract was a five-page document entitled Port Agency Appointment and Pro-Forma Disbursement Account Request ("Appointment"). It is styled in the form of an appointment letter, generated by Eastwind Maritime Inc. ("Maritime") and addressed to Mason. The Appointment refers only to Maritime and nowhere refers to the defendant, Hellas. By contrast, Mason's Complaint of July 21, 2009 refers only to Hellas and nowhere refers to the party with

whom it apparently had a contract, Maritime.[1]  The Complaint likewise supplies no facts that would enable the Court to take notice that there are, in fact, two separate entities with "Eastwind" in their title -- Hellas and Maritime -- or that Mason's Appointment was concluded with Maritime rather than Hellas.  It appears that Maritime is in bankruptcy proceedings and that no attachment action could have been brought against its assets.

Attorneys have a duty as officers of this Court to be honest and forthright in all proceedings before this Court.  More specifically, by presenting a pleading to the court, an attorney "certifies that to the best of [his] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the "claims, defenses, and other legal contentions" contained within such pleading "are warranted by existing law."  Fed. R. Civ. P. 11(b)(2).  The attorney likewise certifies by submitting a pleading that all "factual contentions" contained within the pleading "have evidentiary support."  Fed. R. Civ. P. 11(b)(3).

A special, heightened duty is imposed upon attorneys who act to obtain for their clients an ex parte maritime attachment

---

[1] Throughout the Complaint, Mason refers to the defendant as "Eastwind."  In light of the caption, however, it is clear that Mason intended its factual allegations to be understood as referring to Hellas rather than Maritime.

3

under the Supplemental Rules to the Federal Rules of Civil Procedure for Certain Admiralty and Maritime Claims ("Supplemental Rules").  The Supplemental Rules require that all complaints filed with any request for a Rule B maritime attachment be verified.  See Fed. R. Civ. P. Supp. R. B(1).  This Court has repeatedly warned that, "in the context of maritime attachment actions, counsel proceeding on an ex parte basis have a special obligation to ensure that the representations they are making to the Court, and the facts they are verifying in a verified complaint, are true."  Noble Res. Pte. Ltd. V. Metinveste Holding Ltd., 622 F. Supp. 2d 77, 83 n.9 (S.D.N.Y. 2009) (collecting cases).  See, e.g., Centauri Shipping Ltd. v. Western Bulk Carriers, KS, 528 F. Supp. 2d 197, 201 (S.D.N.Y. 2007) (stating in a Rule B maritime attachment context that "'[a]ttorneys are officers of the Court, and our system of justice cannot operate efficiently' if the Court is unable to rely on counsel in an ex parte proceeding to work diligently to ensure the accuracy of his representations to the Court.").

The rules of professional responsibility also impose upon attorneys a duty of candor in all representations they make before a tribunal.  The ABA Model Rules of Professional Conduct and the New York Rules of Professional Conduct provide that, in an ex parte proceeding, "a lawyer shall inform the tribunal of

4

all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse."  ABA Model Rule 3.3(d); N.Y. Rule 3.3(d). Likewise, the Model Rules and New York Rules provide that "[a] lawyer shall not knowingly make a false statement of fact or law to a tribunal" or "offer evidence that the lawyer knows to be false."  ABA Model Rule 3.3(a); N.Y. Rule 3.3(a).  If a lawyer subsequently comes to know that any material evidence previously offered by him to the tribunal under the belief that it was true turns out, in fact, to be false, the lawyer must take reasonable remedial measures, including, if necessary, disclosure of the error to the tribunal.  ABA Model Rule 3.3(a)(3) & cmt. 10; N.Y. Rule 3.3(a)(3) & cmt. 10; see also Centauri Shipping, 528 F. Supp. 2d at 202 (vacating a Rule B maritime attachment and applying Rule 11 sanctions sua sponte where "it [was] clear that Counsel failed to sufficiently observe his obligation to inform the Court in a timely manner of the material misstatements contained in the Affirmation").

    Mason's complaint of July 21, 2009 was accompanied by a verification made by plaintiff's counsel, George M. Chalos, stating under penalty of perjury that counsel "believe[s] the matters [contained in the complaint] to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents,

underwriters, and attorneys." On the record before this Court, however, it appears that Mason's complaint contains serious factual misrepresentations, both as to the identity of the party with whom plaintiff Mason had a contract and as to the amount of the unpaid debt owed to Mason. These misrepresentations, if made in bad faith, are inconsistent with Mason's "special obligation" as a party seeking an ex parte maritime attachment to ensure that its representations are true. Noble Res., 622 F. Supp. 2d at 83 n.9.

Rule 11(c) of the Federal Rules of Civil Procedure permits the court, acting on its own initiative, to sanction an attorney, law firm, or party if the court determines -- after notice and a reasonable opportunity to respond -- that the attorney, law firm, or party has violated Rule 11(b) by making "false, misleading, improper, or frivolous representations to the court." Williamson v. Recovery Ltd. P'ship, 542 F.3d 43, 51 (2d Cir. 2008); Fed. R. Civ. P. 11(c)(1)-(3). Accordingly, it is hereby

ORDERED that Mason, George M. Chalos, and Chalos & Co. show cause in writing by October 9, 2009, pursuant to Federal Rule of Civil Procedure 11(c)(3), why each of them should not be sanctioned under Rule 11(c)(1) for Mason's failure to disclose to this Court -- in its complaint of July 21, 2009; in its request for an Order to Issue Process of Maritime Attachment and

6

Garnishment on August 3, 2009; and at all other times while proceedings before this Court remained ex parte -- the fact that the Appointment underpinning its admiralty claims in this lawsuit was not with defendant, Hellas, but with another entity.

IT IS FURTHER ORDERED that Mason, George M. Chalos, and Chalos & Co. show cause in writing by October 9, 2009, pursuant to Rule 11(c)(3), why each of them should not be sanctioned under Rule 11(c)(1) for including in Mason's Complaint a claim for damages in the amount of $93,117.00 plus interest of $23,252.84 -- thereby obtaining a maritime attachment in the total amount of $116,369.84 -- when the sworn declaration of Mason Lam of September 1, 2009 has since revealed that the plaintiff's claim is only for $23,841.63 plus interest, and when plaintiff and plaintiff's counsel thereafter have apparently made no attempt to obtain the release of any and all attached funds currently held in excess of the sworn amount of plaintiff's principal claim.

SO ORDERED:

Dated:   New York, New York
         September 29, 2009

_____
DENISE COTE
United States District Judge

7